# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 2 9 2006
J T NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ESTES EXPRESS LINES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 3:06cv540TSL-JCS<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of race, and to make whole Morris J. Young, who was aggrieved by the unlawful practices. Specifically, Estes Express Lines ("Estes" or "Employer") discriminated against Morris J. Young by terminating him because of his race, Black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United Sates of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, Estes has continuously been a Virginia corporation doing business in the State of Mississippi and the City of Richland, and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, charges were filed with the Commission alleging violations of Title VII by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2005, Estes has engaged in unlawful employment practices at its Richland, Mississippi facility in violation of §42 U.S.C. § 2000e-2(a)(1) by discriminating against Mr. Young and finally terminating his employment because of his race, Black, on or about May 17, 2005.

8. The effect of the practices complained of in paragraph seven above has been to deprive Morris J. Young of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Morris J. Young.

## PRAYER FOR RELIEF

**Wherefore,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Estes, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in race discrimination and any other employment practices which discriminate on the basis of race;

B. Order Defendant Estes to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, regardless of their race, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Estes to make whole Morris J. Young by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to rightful place reinstatement of Morris J. Young or frontpay in lieu thereof;

D. Order Defendant Estes to make whole Morris J. Young by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including any medical expenses not covered by Defendant Estes' employee benefit plan, in amounts to be determined at trial;

E. Order Defendant Estes to make whole Morris J. Young by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, loss of

enjoyment of life, and humiliation, in amounts to be determined at trial;

    F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> RONALD S. COOPER
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> 1801 "L" Street, N.W.
> Washington, D.C. 20507
>
> *C. Emanuel Smith*
> C. Emanuel Smith (MS #7473)
> Regional Attorney
>
> *Mildred Byrd*
> Mildred Byrd (LA 03741)
> Supervisory Trial Attorney
>
> *Ermea J. Russell*
> Ermea J. Russell (MS 5739)
> Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
Tel: 205-212-2062
Fax: 205-212-2041